IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00410-BNB

JEREMY PINSON,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

ORDER TO DISMISS IN PART AND
FOR SUPPLEMENTAL PRELIMINARY RESPONSE IN PART

---

Applicant, Jeremy Pinson, is a prisoner in the custody of the Federal Bureau of Prisons (BOP), who currently is incarcerated at ADX in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. Applicant has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an order filed on February 19, 2014, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. Respondent filed a Response on March 12, 2014, and Applicant filed a Reply on April 7, 2014.

Applicant asserts that his due process rights were violated in the disciplinary proceedings associated with Incident Report (IR) Nos. 2451286, 2458043, 2451280, 2399367, and 2445224 because he was denied (1) a mental evaluation pursuant to 28

C.F.R. 541.6; (2) a staff representative to assist him due to his mental illness; (3) a hearing; and (4) an opportunity to present witnesses and documentary evidence before being found guilty.  Applicant seeks expungement of these disciplinary convictions and restoration of privileges and good time.

Respondent asserts that Applicant has failed to exhaust his administrative remedies as to every claim in each of the five incident reports at issue.  Prelim Resp., ECF No. 10, at 3.  Respondent also asserts that Applicant did not file any administrative remedies or appeals regarding IR Nos. 2458043 and 2445224, did not exhaust his remedies in IR Nos. 2451280 and 2451286 prior to filing this action, and did not exhaust his denial of a hearing and ability to present documentary evidence claims in IR No. 2399367.  *Id.* at 3-6.

In the April 7 Reply, Applicant asserts that prison officials blocked his access to the administrative remedy procedure in IR Nos. 2458043 and 2445224.  Apr. 7 Reply, ECF No. 13, at 2.  Applicant contends that when he has access to the administrative remedy forms he uses them; and pursuant to *Baldauf v. Garoutte*, 137 F. App'x 137 (10th Cir. 2005), he may proceed to court when ADX officials refuse to provide forms. *Id.*  Applicant further contends that Respondent may not rely on 42 U.S.C. § 1997e(a) for support that his challenge to IR Nos. 2451280 and 2451286 are unexhausted, because § 1997e does not apply to 28 U.S.C. § 2241.  *Id.*  Applicant concedes he filed this action nine days prior to the time the BOP had to respond to his central office appeal in IR Nos. 2451280 and 2451286, but he argues that such a fact does not mandate a dismissal in a habeas action.  *Id.*  Finally, Applicant asserts that, because he asserted denial of witnesses and staff representation claims in his central office appeal

in IR No. 2399367, it is inferred that he also was raising the denial of a hearing and ability to present documentary evidence claims, and as a result these claims are exhausted.  *Id.* at 3.

On April 23, 2014, Magistrate Judge Boland directed Respondent to submit further briefing regarding the allegations Applicant raised in his Reply.  Specifically, Respondent was directed to state if and when Applicant received the Disciplinary Hearing Officer (DHO) reports in IR Nos. 2399367, 2458043, and 2445224 and to provide to the Court the DHO reports in these incident reports.  Apr. 23 Order, ECF No. 15.  Respondent also was directed to state if the BOP requires a prisoner to submit or provide a DHO report before being given a BP-10 form or being allowed to appeal the results of a disciplinary action.  *Id.*  Respondent further was directed to address Applicant's futility claim that his counselor, Mr. Foster, refused to provide him with a BP-10 and a BP-8 form resulting in his inability to exhaust his administrative remedies.  *Id.*  Respondent filed a Response on May 12, 2014, and Applicant replied to the Response on May 20, 2014.

Respondent asserts in the May 12 Response that Applicant received a DHO report in IR No. 2399367 on March 13, 2013, a DHO report in IR No. 2458043 on September 16, 2013, and a DHO report in IR No. 2445224 on August 19, 2013.  May 12 Resp., ECF No. 18, at 1-2.  Respondent also states that Applicant was sanctioned with the loss of good conduct time in each of these three disciplinary proceedings.  *Id.* at 2.  Respondent attached a Declaration by Mr. Foster, in which he states that during the time Applicant was assigned to his case load he provided 100-150 administrative remedy/appeal forms to Applicant.  *Id.*, ECF No. 18-1 at 4.

Finally, Respondent attached a Declaration by Harrell Watts, the BOP National Inmate Appeals Administrator. Mr. Watts states that he oversees the Bureau's Administrative Remedy Program and confirms that the BOP does not require that when an inmate files an appeal of a DHO matter he must attach a copy of the DHO report. *Id.*, ECF No. 18-6 at 3. Mr. Watts further asserts that if the inmate includes sufficient information with which to identify the DHO matter he will be given BOP-10 and BOP-11 forms without having possession of the report and the forms will be accepted for filing. *Id.*

Applicant filed a Reply on May 20, 2014, to the May 12 Response. He claims that, contrary to Mr. Watts' Declaration, he had two disciplinary appeals, Exhibit Nos. 1 and 2, that were denied in part because he did not provide a DHO report. *See* Reply, ECF No. 20, at 1-2, 6,and 8. Applicant further claims that Exhibit No. 3 attached to the Reply shows an appeal is rejected even when the charges and date are provided and that Exhibit No. 4 shows the North Central Regional Office (NCRO) often rejects appeals and allows insufficient time to correct a deficiency. *Id.* at 2, 10, and 12. Applicant also claims that Mr. Foster never delivered DHO reports to him; but that Mr. Foster states in the Declaration that he had done so, which is stated under penalty of perjury. *Id.* at 3. Finally, Applicant contends that other inmates have had their DHO appeals rejected for not providing a DHO report and have witnessed that Mr. Foster denied Applicant BP-10 and BP-8 forms. *Id.*

Before discussing the failure to exhaust arguments, the Court notes that Applicant's perjury claim is egregious. Mr. Foster does not state in the Declaration that he delivered the DHO reports to Applicant. The perjury accusation against Mr. Foster is

4

an example of Applicant's voracity to engage in abusive litigation and will be disregarded by the Court.

1.  IR Nos. 2458043 and 2445224

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Applicant.  *See* 28 C.F.R. §§ 542.10-542.19.  The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13-542.15.

Where a determination is made by a DHO, the inmate may skip the initial appeal to the warden and appeal the DHO's decision directly to the Regional Director.  28 C.F.R. § 542.14(d)(2).  As stated above, the step after the Regional Director is a final appeal to the Central Office.  28 C.F.R. § 542.15(a).  The form used to appeal to the

Regional Director is a BP-10 and to the Central Office it is a BP-11. *See* 28 C.F.R. § 542.15(a).

The burden of showing exhaustion rests on the applicant in a habeas action. *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *see also Jones v. Davis*, 366 F. App'x 942, 944 (10th Cir. 2010). Applicant also has the burden of establishing that prison officials made an administrative remedy unavailable to him. *See Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 212 (2006)) (applying PLRA's exhaustion requirement); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). A remedy is not available when prison officials hinder, thwart, or prevent an inmate's attempts to exhaust that remedy. *Tuckel*, 660 F.3d at 1252 (citing *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)). The Court must ensure that "any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

A prisoner, however, may not exhaust "administrative remedies by, in essence, failing to employ them." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Furthermore, conclusory allegations that administrative remedies are not available are insufficient to excuse a failure to exhaust. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) (discussing futility exception to exhaustion requirement).

Applicant states in his Reply to the Preliminary Response that "Counselor D. Foster [ ] refused to provide [a BP-10 appeal form] until [he] received the DHO Reports." He further states that he "then proceeded to ask for a BP-8 to file to compel

production of the DHO reports" and "Mr. Foster refused, this time on the ground DHO issues must be filed on a BP-10 form."  Reply, ECF No. 13 at 6.  Finally, Applicant states that he "then asked for BP-10 forms and [Mr. Foster] again refused to provide such until [Applicant] received a DHO report."  *Id.*  Applicant concludes that "[n]o other remedy existed to me under BOP policy since Mr. Foster was my sole source of administrative remedy forms."  *Id.*

For the following reasons, exhaustion of Applicant's remedies with respect to IR Nos. IR Nos. 2458043 and 2445224 is not futile and waiver of the requirement of exhaustion is inappropriate.

First, Applicant does not assert that he requested or was denied a BP-8 form for the purpose of challenging Mr. Foster's denial of the BP-10.  Second, Applicant's exhibits in the May 20 Reply do not show a contradiction to Mr. Watts' statement that a DHO report is not required to appeal the results of a disciplinary proceeding and without a report the appeal will be rejected.

In Exhibit No. 1, Applicant's appeal addresses a Unit Disciplinary Committee (UDC) proceeding and not a DHO hearing.  Reply, ECF No. 20, at 6.  The reason Applicant's incident report was rejected was because a DHO hearing was pending.  Under the remarks section of the Rejection Notice, the administrative remedy coordinator at Florence ADX stated "upon receipt of your DHO report you may appeal to NCRO."  *Id.*  Nothing in the Rejection Notice indicates that Applicant must submit a

DHO report with his appeal only that his appeal was premature.

The Rejection Notice provided in Exhibit No. 2 also does not indicate Applicant is required to provide the DHO report.  Under Reject Reason 2, the administrative remedy coordinator states, "You did not provide a copy of the DHO report you wish to appeal or identify the charges and date of the DHO action." *Id.* at 8.  Under the Remarks, the coordinator also states "Please attach a copy of your DHO report upon receipt so we can determine if you are timely." *Id.*  Nothing in this notice indicates that the appeal was rejected because Applicant had not provided a DHO report.  The appeal was rejected because Applicant did not provide sufficient information in the appeal for the NCRO Coordinator to determine the basis for his claims.  Applicant is given the option of providing the report or identifying the charges and date of the DHO action, and the report is requested only for the purpose of determining the timeliness of the appeal.  The coordinator does not state that a resubmitted appeal will be rejected if a DHO report is not attached.

Finally, Exhibit No. 3 provides no evidence that an appeal to the NCRO was rejected even though Applicant included the charges and date, and Exhibit No 4 does not pertain to any of the incident reports at issue in this case.  Exhibit No. 4 involves a challenge to the denial of Applicant's placement in a step-down unit.  *See Pinson v. Berkebile*, No. 12-cv-02673-LTB, ECF No. 20-1 at 50 (D. Colo.  Apr. 3, 2014).  Also, the time allowed by the NCRO to correct and resubmit an appeal after it is rejected, which Applicant asserts Exhibit 4 is an example of the alleged insufficient resubmission time,

is not at issue in this action.

Even if Mr. Foster did not provide Applicant with either a BP-8 or BP-10 form, Applicant was not precluded from challenging the denial. Applicant does not state that he requested an administrative remedy form to challenge Mr. Foster's actions and was denied the form. Furthermore, pursuant to BOP Program Statement 5270.09 § 541.8(h) ordinarily the DHO gives an inmate a written copy of the decisions and disposition within fifteen work days of the decision. The Program Statement, however, does not require that a DHO report be provided within fifteen work days. In IR No. 2458043, Applicant received a written DHO report on September 16, 2013, within twenty-eight work days of the date the hearing was held on August 6, 2013. May 12 Resp., ECF No. 18-4, Attach. 3 at 1-3. Also in IR No. 2445224, Applicant received a written DHO report on August 19, 2013, within forty work days of the date the hearing was held on June 21, 2013. May 12 Resp., ECF No. 18-15, Attach. 4 at 1-3. Neither time period is inordinate.

Finally, in Section VIII of both DHO reports, Applicant was advised that he has the right to appeal the action through the Administrative Remedy Program within twenty calendar days of the receipt of the report. First, the Court notes that contrary to Applicant's argument that Section VIII indicates that an inmate must submit a DHO report with his appeal, the Section simply indicates to an inmate that once he receives a report he has twenty days to appeal. The Section does not indicate that Applicant must attach a DHO report to an appeal. Nothing precludes Applicant from filing an appeal

prior to having a DHO report in his possession as long as he is able to provide all requested information in the appeal form.

The Court finds no violation of Applicant's due process rights in a requirement that an inmate must provide specific information when filing an administrative remedy request, which may be available only in the DHO report. An inmate is provided with sufficient time once he receives the report, twenty days, to submit a remedy request. An inordinate delay in providing the report, however, may be a concern. Nonetheless, no inordinate delay is found in either IR Nos. 2458043 or 2445224.

Finally, Applicant does not assert that once he received the DHO reports he was denied a BP-10 form or was unable to appeal the results of IR Nos. 2458043 and 2445224. Therefore, the claims regarding these incident reports will be denied for failure to exhaust administrative remedies.

2. Incident Report Nos. 2451280 and 2451286

Based on the attached Inmate Discipline Data that is maintained in the BOP's SENTRY database, IR Nos. 2451280 and 2451286 involved Applicant destroying property and his sanctions were entered by the UDC. *See* Prelim. Resp., ECF No. 10-3. The sanctions that resulted from the UDC's review in each report included the loss of commissary for fifteen days in IR No. 2451286 and for thirty days in IR No. 2451280 and the loss of telephone privileges for fifteen days in IR No. 2451286 and for thirty days in IR No. 2451280. *Id.* at 1. Applicant does not deny in his Reply that the sanctions for IR Nos. 2451280 and 2451286 included only at the most a thirty-day loss

of commissary and telephone privileges.

The UDC is not authorized to impose a loss of good conduct time as a sanction. *See* BOP PS 5270.09, § 541.7(f). Because Applicant's sanctions in IR Nos. 2451280 and 2451286 did not include the loss of good conduct time and did not affect the length of Applicant's sentence, his claims are not properly addressed in a § 2241 action.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). An inmate must show that the punishment will "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487. The punishment in IR Nos. 2451280 and 2451286 does not inevitably affect the duration of Applicant's sentence and will be dismissed as improperly asserted in this action. The Court notes, however, that Applicant, along with other abusive tactics, has improperly asserted conditions of confinement claims in previous § 2241 actions and now is subject to filing restrictions as set forth in *Pinson v. Kasdon*, No. 13-

cv-01384-RM-BNB, ECF No. 123 (D. Colo. May 1, 2014). His restrictions limit his ability to initiate complaints or habeas actions without representation of a licensed attorney in the District of Colorado or unless he has obtained permission from the Court to proceed *pro se*.

Even if the Court were to construe the claims as challenging conditions of confinement, and Applicant was granted permission to proceed *pro se* in a prisoner complaint, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner, and his claims lack merit. *See Meachum, et al., v. Fano, et al.*, 427 U.S. 215, 224 (1976). As stated above, a liberty interest exists only when the penalty involves an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increases the duration of confinement, and whether the conditions are indeterminate. *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

The loss of certain privileges and being placed on restricted privileges status for periods of less than ninety days does not subject Applicant to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See, e.g., Grady v. Garcia*,

No. 12-1151, 506 F. App'x 812, 814 (10th Cir. 2013) (inmates placement on restricted privileged status for 105 days did not constitute an atypical and significant hardship when compared to the ordinary incidents of prison life); *Meek*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest).

Applicant's claims regarding IR Nos. 2451286 and 2451280, therefore, will be dismissed on the merits.

3. Incident Report No. 2399367

The Court has reviewed the Regional Administrative Remedy Appeal that Applicant filed in IR No. 2399367. Applicant presents the following four issues in the appeal, including (1) Failure to conduct mental competency evaluation; (2) threatening to file a lawsuit is protected by the First Amendment; (3) denial of the opportunity to call witnesses and to be provided with staff representation; and (4) lack of evidence to support the DHO decision. *See* Preliminary Resp., ECF No. 10-7, Attach. 6 at 3. The appeal does not address two of the issues Applicant has raised in this action. Applicant argues that his denial of a hearing and ability to present documentary claims are inferred from his claims that he was denied witnesses and not provided with a staff representative. Applicant asserts that if he was denied an opportunity to call witnesses and have a staff representative, it must be assumed there was no hearing and no documentary evidence presented because "if he was denied 'an opportunity' to call witnesses or a staff representative which are <u>only</u> called at a DHO <u>hearing</u> the natural

13

inference is that there was no hearing." Applicant's reasoning is faulty. A prisoner may attend a hearing having been denied the witnesses he requested and without a staff representative. Therefore, Applicant has failed to exhaust administrative remedies regarding the denial of a hearing and the ability to present documentary evidence.

At this time, Respondents shall file a supplemental preliminary response stating whether Applicant still has an administrative remedy available to him regarding the two unexhausted claims in IR No. 2399367. If so, Respondents shall further brief the Court on whether the mixed petition rule applies in this case. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding, under predecessor to current § 2254, that federal district courts cannot reach the merits of "mixed" petitions containing both exhausted and unexhausted claims). *Cf. Abdulhaseeb v. Ward*, No. 05–6054, 173 F. App'x. 658, 660 (10th Cir. 2006) (unpublished) (recognizing that normally a § 2241 application containing both exhausted and unexhausted claims (a mixed petition) should be dismissed without prejudice to refiling). Finally, if no administrative remedy is available to Applicant, Respondent should address whether these claims are procedurally barred.

4. Conclusion

Accordingly, it is

ORDERED that the claims associated with IR Nos. 2458043 and 2445224 are dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that the claims associated with IR Nos. 2451286 and 2451280 are dismissed on the merits and with prejudice. It is

FURTHER ORDERED that **within seven days** of the date of this Order, Respondent shall file a Supplement to the Preliminary Response, in accordance with the above directives. It is

FURTHER ORDERED that within seven days of the date a Supplement is filed Applicant may file a Reply.

DATED at Denver, Colorado, this   10th   day of    June        , 2014.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court