IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00410-BNB

JEREMY PINSON,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

## ORDER TO DISMISS

Applicant, Jeremy Pinson, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at ADX in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. Applicant was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an order filed on February 19, 2014, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. Respondent filed a Response on March 12, 2014, and Applicant filed a Reply on April 7, 2014. On June 10, 2014, the Court addressed Respondent's affirmative defense of exhaustion of administrative remedies and ordered that (1) the claims associated with IR Nos. 2458043 and 2445224 are dismissed without prejudice for failure to exhaust administrative remedies; and (2) the claims associated with IR Nos. 2451286 and 2451280 are dismissed on the

merits with prejudice. In the June 10, 2014 Order, the Court also directed Respondent to file a Supplement and address whether the claims associated with IR No. 2399367 should be dismissed based on the mixed petition rule, since two of the claims are unexhausted. Respondents also were directed to address whether the unexhausted claims should be dismissed as procedurally defaulted.

Respondent filed a Supplement on June 17, 2014, and asserted that Applicant no longer has an administrative remedy regarding the two claims that are unexhausted and the mixed petition rule does not apply. Applicant filed a Reply on June 23, 2014, and stated that an administrative remedy remains available because the Bureau of Prisons' policy permits out-of-time appeals. Based on the information provided by Respondent in the Supplement and a review of the Preliminary Response at Ex. 6, ECF No. 10-7, Magistrate Judge Boland then entered an order on July 15, 2014, directing Respondent to file a second Supplement.

Magistrate Judge Boland found that more information was necessary to determine if the two claims were properly exhausted and not procedurally defaulted. Specifically, Respondent was directed to state (1) what procedural error was found by the Regional Director in the disciplinary proceeding for IR 2399367; (2) did the Disciplinary Hearing Officer (DHO) reconsider the hearing results in IR No. 2399367 and address the procedural error; (3) how did the procedural error affected the outcome of the disciplinary proceeding; and (4) did Applicant appeal the results of the reconsideration.

After requesting and being granted an extension of time, Respondent filed a Second Supplement on July 29, 2014. Respondent states in the July 29 Supplement

that the Regional Director returned IR No. 2399367 to the DHO, who held a rehearing and sustained the previous findings and sanctions, but due to an administrative oversight a DHO report for the rehearing was not completed or delivered to Applicant. Respondent further states that due to passage of time and the unavailability of the rehearing DHO report he will expunge IR No. 2399367 and restore Applicant's loss of the fourteen days of good conduct time that was imposed as a sanction.

Finding that Applicant received the relief he requested, the claims regarding IR No. 2399367 will be dismissed with prejudice. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed. It is

FURTHER ORDERED that the claims associated with IR No. 2399367 are dismissed with prejudice.

DATED at Denver, Colorado, this  13th  day of   August          , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court