IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Raymond P. Moore

Civil Action No. 14-cv-00410-RM

JEREMY PINSON,

    Applicant,

v.

J. OLIVER,

    Respondent.

---

ORDER

---

I. Background

The procedural history of this case, in part, as set forth in the Court's June 10, 2014 Order to Dismiss in Part, is as follows.

    Applicant, Jeremy Pinson, is a prisoner in the custody of the Federal Bureau of Prisons (BOP), who currently is incarcerated at ADX in Florence, Colorado. Applicant initiated this action by filing pro se an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. Applicant has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    In an order filed on February 19, 2014, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. Respondent filed a Response on March 12, 2014, and Applicant filed a Reply on April 7, 2014.

    Applicant asserts that his due process rights were violated in the disciplinary proceedings associated with Incident Report (IR) Nos. 2451286, 2458043, 2451280, 2399367, and 2445224 because he was

1

> denied (1) a mental evaluation pursuant to 28 C.F.R. 541.6; (2) a staff representative to assist him due to his mental illness; (3) a hearing; and (4) an opportunity to present witnesses and documentary evidence before being found guilty. Applicant seeks expungement of these disciplinary convictions and restoration of privileges and good time.

ECF No. 21 at 1-2.

After review of the Preliminary Response and Reply, and of the further briefing requested by the Court on June 10, 2014, from Respondent and Applicant, the Court dismissed the action in part on the merits regarding claims associated with IR Nos. 2451286, 2451280, and 2399367.  *See* ECF No. 21 at 15 and ECF No. 28 at 3.  The Court also dismissed the action in part without prejudice regarding the claims associated with IR Nos. 2458043 and 2445224 for failure to exhaust administrative remedies.  ECF No. 21 at 14.  Applicant appealed the dismissal.

The Tenth Circuit affirmed this Court's dismissal of Applicant's claims arising from IR Nos. 2451286, 2451280, and 2399367.  *Pinson v. Berkebile*, No. 14-1336, 12 (10th Cir. Mar. 10, 2015).  But the Circuit vacated the portion of this Court's Order of Dismissal that pertains to Incident Report Nos. 2458043 and 2445224.  The Circuit directed this Court to resolve issues of fact material to the question of whether Applicant attempted to exhaust his administrative remedies but was hindered by prison official's alleged refusal to provide him with appropriate forms.  *Id.* at 11.  Finally, this Court was directed to reconsider Applicant's request for appointment of counsel to assist Applicant in the proceedings.  *Id.*

This Court then appointed counsel and directed Applicant and Respondent to file briefs pursuant to the Tenth Circuit's March 10, 2015 Order.  Parties now have complied with this Court's directive to brief the issues; Respondent filed a brief on June 16, 2015,

ECF No. 42, and Applicant filed a brief, through counsel, on September 17, 2015, ECF No. 51. The Court will address the remanded issues below.

II. Issues

    A. Hearsay Challenge to the Government's Evidence

Respondent contends that Applicant's hearsay challenge is meritless because Mr. Rhodes now declares under penalty of perjury that he did in fact deliver the Disciplinary Hearing Officer (DHO) reports at issue to Applicant on August 16 and 29, 2013. ECF No. 42 at 6; Rhodes Decl., ECF No. 42-2 at 3. Previously, Mr. Foster attested to the delivery of the reports on August 19 and September 16 by Mr. Rhodes, ECF No. 18-1 at 3-4, which Applicant argued is hearsay. Mr. Rhodes further attests the DHO reports are true and correct copies of BOP documents that are kept in the regular course of business in SENTRY, which is the BOP's national database that tracks various data regarding an inmate's confinement, including disciplinary history and administrative remedies. ECF No. 42-2 at 1-2. Respondents, therefore, conclude that the DHO reports, themselves, are exceptions to the hearsay exclusionary rule and the Court can rely on the documents for the truth of the matter asserted. ECF No. 42 at 7.

Applicant now argues the hearsay issue is moot because the issue has become a factual dispute between the Rhodes Declaration, ECF No. 42-2, and Applicant's new affidavit, ECF No. 51-1 at 1.

The Court, therefore, finds the hearsay question no longer is at issue in this case and will address the factual disputes as follows.

    B. Factual Disputes at Issue Regarding Exhaustion

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus

relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

"The burden [is] on the government to prove the affirmative defense of exhaustion," *Acosta v. Daniels*, 589 F. App'x 870, 873 ((10th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199 (2007), which includes asserting and proving that a prisoner did not utilize administrative remedies, *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing *Jones*, 549 U.S. 199). "Once a defendant proves that [an applicant] failed to exhaust, however, the onus falls on the [applicant] to show that remedies were unavailable to him" . . . and [an applicant] should be afforded an opportunity to counter the exhaustion defense." *Tuckel*, 660 F.3d at 1254.

A remedy is not "available" when "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy." *Tuckel*, 660 F.3d at 1252 (quoting *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Furthermore, "Congress did not intend the exhaustion requirement to summarily prevent inmates from vindicating their constitutional rights." *Tuckel*, 660 F.3d at 1253 (citing *Brown v. Plata*, 563 U.S. 493, —, 131 S. Ct. 1910, 1937 (2011). The Tenth Circuit has "obligated district courts to ensure that any defects in exhaustion are not procured from the action or inaction of prison officials." *Tuckel*, 660 F.3d at 1252.

Here, the Court takes issue not only with the specifics of this case, as noted below,

but also with Respondent's statement that a prisoner is not required to provide a DHO report when he is challenging the results of a disciplinary action on appeal. Not only in this case, ECF No. 20 at 8, but also in *Howard v. Denham*, No. 15-cv-01157-GPG, ECF No. 10 at 6 (D. Colo. Filed June 2, 2015), the Regional Office has rejected an appeal based on a prisoner's failure to submit a DHO report. This rejection is in line with complaints by prisoners that they are denied the ability to appeal disciplinary determinations without a DHO report. For the reasons stated below, the Court will waive the exhaustion requirement and order the case assigned to a district judge and to a magistrate judge for further review of the merits.

      i. Receipt of DHO Report

In Respondent's Brief Re: Order on Remand, Respondent J. Oliver asserts that administrative remedies were available to Applicant to challenge the DHO's decisions. ECF No. 42 at 1. Respondent further asserts that Applicant received the DHO report in IR No. 2445224 on August 16, 2013, and the DHO report in IR No. 2458043 on August 29, 2013. *Id.* at 1. In support of this assertion, Respondent relies on a Declaration by David Rhodes, who states he personally delivered the DHO reports to Applicant on the dates set forth above. ECF No. 42-2 at 3. Mr. Rhodes further attests that it is his practice to deliver the DHO report to an inmate and to verbally advise the inmate that he has twenty calendar days from the date he receives the DHO report to file the appropriate administrative remedy with the Regional Office and that he has no reason to believe he deviated from this practice. ECF No. 42-2 at 3.

The Court questions whether the DHO reports referred to by Mr. Rhodes and submitted in support of his declaration that he conducted the DHO hearings in IR Nos.

2445224 and 2458043, and also personally delivered the reports to Applicant on August 16 and 29, 2013, respectively, actually support his declaration. First, the DHO report for IR No. 2458043, submitted as an attachment to Mr. Foster's Declaration in the Response filed by Respondent on May 12, 2014, ECF No. 18, shows that in IR No. 2458043 the DHO report was delivered to Applicant on September 16, 2013. ECF No. 18-4 at 3. Second, the DHO report for IR No. 2445224 submitted as an attachment to Mr. Foster's Declaration, ECF NO. 18, shows that in IR No. 2445224 the DHO report was delivered to Applicant on August 19, 2013.

Furthermore, both DHO reports have two signatures on the last page of the report. ECF Nos. 18-4 at 3, and 18-5 at 4. One of the signatures is prefaced by the printed named of DHO, which is "D. Rhodes," and includes a handwritten first and last name that is not clearly written but that looks like it could be a complete signature by David Rhodes. *Id.* The second signature entered in response to "Report delivered to inmate by:," simply has the name "Rhodes" entered in both DHO reports. *Id.* The signature for the person who presided over the hearing is the same in both DHO reports; but the signature of who delivered the report, in each DHO report, is different from the presiding officer and from the person who signed as delivering the report in the other DHO report. *Id.*

The Court also takes note of a DHO report submitted by Applicant in a separate case, *Pinson v. Berkebile*, No. 12-cv-03006-RM, ECF No. 27 at 44 (D. Colo. Mar. 14, 2014), in which Mr. Rhodes signed the DHO report as the DHO who presided over the hearing. Mr. Rhodes' signature in all three DHO reports (this case and Case No. 12-cv-03006-RM), as the person presiding over the hearing, is the same. But the

signature of the individual delivering the report, in each disciplinary proceeding is clearly different handwriting than Mr. Rhodes.

Without a statement by Mr. Rhodes regarding the procedure for signing the reports when delivered, and why the two signatures in each report clearly are different, the declaration does not support a finding that Mr. Rhodes actually signed the report as the individual who delivered the reports to Applicant, especially in light of Applicant's statements, Resp., ECF No. 51-1 at 4, that it is the normal practice for the secretary to deliver the DHO report.

Based on the above findings, the Court finds Mr. Rhodes' statements are insufficient for the Court to find that he delivered a DHO report to Applicant with respect to IR Nos. 2445224 and 2458043.

    ii. Request and Denial of BP-10 Form

Respondent relies on the declarations of the Administrative Remedies Coordinator at ADX Florence, Mr. Segovia, and of Applicant's counselor, Mr. Foster, for his argument that Applicant was not denied a BP-10 form for appealing the DHO's decision in IR Nos. 2445224 and 2458043 or a BP-8 form for grieving Mr. Foster's refusal to provide Applicant with the BP-10 form.  ECF Nos. 42 at 7-8, 42-1 at 2, and 42-3 at 2.

Mr. Foster attests he provided Applicant with 100 to 200 administrative remedy/ appeal forms during the time Applicant was assigned to his caseload: but he (1) did not keep a log book of the appeal forms he gave to inmates; (2) cannot affirmatively state whether he provided forms to Applicant during the time at issue; and (3) does not recall refusing to provide Applicant with either a BP-8 or BP-10 form.  ECF No. 42-1 at 2.

Mr. Segovia attests that an inmate is not required to provide a copy of the DHO

report to an ADX official in order to obtain a BP-10 form, and that to his knowledge no ADX official refused to provide a BP-10 form to Applicant unless he showed the official a copy of the pertinent report.   ECF No. 42-3 at 2-3.

Applicant attests that Mr. Foster would not provide him with a BP-10 form to appeal the disciplinary determinations unless he had the report and also would not provide a BP-8 form to him to grieve Mr. Foster's denial of a BP-10 form to appeal the disciplinary determinations.   ECF No. 47-1 at 1-2.

Without a specific declaration by either Mr. Segovia, or Mr. Foster, that Mr. Foster did not refuse Applicant's request for the BP-8 or BP-10 forms, the declarations fail to support a finding that Applicant was not denied his request for the forms.   Mr. Segovia attests only that the ADX does not require a copy of a DHO report to appeal a disciplinary hearing determination, and that to his knowledge no bureau official refused to provide Applicant with a BP-form used to appeal a disciplinary determination.   ECF No. 42-1 at 2-3.   As for Mr. Foster, he concedes there is no log of administrative remedy/appeal forms provided to prisoners and he does not know if he provided or refused to provide the forms to Applicant during the period at issue.   ECF No. 42-1 at 2.

Nothing in Mr. Mitchell's or Mr. Foster's declaration supports a finding that Applicant did not attempt to exhaust his administrative remedies and that he was not thwarted, prevented, or hindered in his attempt to exhaust.

III.   Conclusion

The Court, therefore, will waive the exhaustion requirement in this action and assign the case to District Judge Raymond P. Moore and to Magistrate Judge Nina Y. Wang pursuant to D.C.COLO.LCivR 40.1(c)(1) for further review of the merits.

Because the exhaustion requirement has been waived the Court will forego addressing Applicant's claim, *see* ECF No. 20 at 3, that due to his mental illness prison staff must ascertain his competency and provide staff representation to assist him in filing an appeal.   Accordingly, it is

ORDERED that Respondent show cause within twenty-one days from the date of this Order why the Application with respect to the claims challenging Incident Report Nos. 2445224 and 2458043 should not be granted.   It is

FURTHER ORDERED that within twenty-one days of Respondent's answer to the show cause order Applicant may file a reply.

FURTHER ORDERED that the Applicant shall remain in custody until further order.

DATED this 1st day of October, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge